JOHN S. WILLIAMSON

NANCY L. WILLIAMSON

1277 HISTORIC RTE. 66E.

TIJERAS, NEW MEXICO [87059]

505-281-5788

PRO SE



FILED

04 MAY 17 AM 10:32

CLERK ALBUQUERQUE

---

## DISTRICT COURT FOR THE UNITED STATES
## DISTRICT OF NEW MEXICO

---

JOHN S. WILLIAMSON and

NANCY L. WILLIAMSON,

     PETITIONER/CLAIMANTS,

V.

JACKIE SENA, AKA JACQULINE
SENA,

CHRIS ROBINSON,

FIDEL ATENCIO,

MIKE ATHERS,

KENNY WYATT,

SHARON PARKER,

     RESPONDENTS/LIBELANTS.

     Individually, not in any official

     capacity.

ADMIRALTY CASE #

## CIV - 04 - 0537    RHS  LFG

IN ADMIRALTY

IN RE

LIBEL OF REVIEW, ANSWER OF

John S. Williamson and Nancy L.

Williamson

COMPLAINT OF INVOLUNTARY

SERVITUDE AND PEONAGE, and

VIOLATION OF CONSTITUTIONAL

RIGHTS TO DUE PROCESS.

     IN RE :

ALL PROPERTY AND RIGHTS TO

PROPERTY OF THE Williamsons

THEIR ESTATE AND TRUST.

1

## ANSWER AND VERIFIED COMPLAINT OF LIBEL

**COMES NOW** John S. Williamson and Nancy L. Williamson, Pro Se appearing specially, supplemental rule Federal Rules of Civil Procedure (SFRCP) Rule (E)8 "Restricted Appearance," in the original in the alternative, as a matter of right and privilege and enter their answer SFRCP (B)3(b), to alleged rights under maritime liens and notice of intent to levy by Respondents/Libelants as Libelant in the first instance absent their verified oath or solemn affirmation of complaint pursuant to Supplemental Rules (B)(1), (C)(2) & (E)(4)(f) or in the alternative F.R.Civ.P.4(e), thereby denying claimants procedural due process.

1. The interest of law and justice mandates a hearing of libel of review pursuant to the Law of Nations and that said Petitioners/Claimants as Petitioner's for the protection of their person, property, estate, and trust hereby enters their Complaint of Involuntary Servitude and Peonage, denial of Constitutional rights and denial of due process of law, due to wanton and malicious acts and threats, duress, coercion, fraud by Respondents/Libelants as Respondents in violation of the Laws of the forum United States of America and the Law of Nations pursuant to: 18 USC Sec. 2, 3, 4, 113(b), 219, 241, 242, 371, 654, 661, 709, 951, 1001, 1028, 1341,1346, 1581, 1621, 1622, 1961, 2111, 2382, 2384, 42 USC Sec. 1983, the 4th, 5th, 7th, 9th, 10th, 13th & 16th Amendments to the Constitution for the United States of America.

## JURISDICTION

2. This is an admiralty/maritime cause of action within the meaning of Federal Rules of Civil Procedure 9(h). Pursuant to 28 USC Sec. 2461 and 2463 "all property taken or detained under **any revenue law** of the United States ..... shall be deemed in the custody of the law and subject only to the orders and decrees of the **courts of the United States having jurisdiction thereof."** And 28 USC 1333(1) (Emphasis added.)

2

3.  **PRACTICE IN THE DISTRICT COURT – THE LIBEL** section 275 p. 119,

> In general, a court of admiralty has no power to alter its final decree after the term at which that decree was entered. But where a party discovers that the decree has been inadvertently and **improperly entered**; or that a decree has been made although he has had **no proper notice of the suit** and has **thereby been deprived of property**; or where there has been **fraud of any kind** in the suit; and the time to appeal has gone by and the term has closed, so that no regular remedy is left him, he may obtain redress by filing a libel of review. This is a libel or petition, setting forth the facts whereby the party deems himself entitled to redress, and **the procedure on filing it is the same as an ordinary libel**. Process *in personam* against the parties to the original suit, or either of them, will issue, but when property has been duly sold in the original suit, it is doubtful if process *in rem* will be issued without indemnity. It should never issue without special order of the court. The subsequent proceedings will be the same as in any suit and the decree of the court will be such as equity demands. There is no corresponding provision in the Civil Rules. (emphasis added)

4.  The United States District Court is the mandated district court of the United States having de jure venue to hear a cause of action etc., pursuant to 5 Stat. 516, Chapter 188, Sec. 5 enacted August 23, 1842, pursuant to the Act of September 24, 1789, Chapter 20: and the Constitution for the United States of America, Article III Sec. 2; and, in that the Respondents/Libelants et al., are directed by the Governor of the Fund (I.M.F.) AKA Secretary of the Treasury, alien custodian for "Prize and Booty", and are foreign agents of their principal The Fund and Bank et. al., mandates that the **District Courts of the United States** shall have original jurisdiction of any such action." (Emphasis added.)

5.  Title 28 U.S.C. section 2410 is also a waiver of Sovereign Immunity by the Government. The Government waives its' immunity when it violates one of its own statutes. According to Hollinghead v. United States, 85-2 USTC 9772 (5th Cir. 1985). Title 26 U.S.C. 7421 is also a waiver of immunity by the Government for a Citizen who claims that his or her property has been subject to wrongful levy. "The Government consents to be sued when the IRS violates a Congressionally-mandated procedure during administrative assessment and collection process." Smith v. Malone, citing Aqua Bar & Lounge, Inc. v. United States Department of Treasury, 539 F.2d. 935, 939-940 (3rd Cir. 1976); United States v. Coson 286 F.2d.453 (9th Cir.

1961). "A taxpayer may challenge the IRS' compliance with assessment procedures in district court. To the extent his complaint alleges procedural violations committed by the IRS in assessing his tax deficiency. Smith may bring this action against the Government in this court."

6. In <u>Bothke v. Fluor Engineers</u>, 713 F.2d 1405 (1983), the U.S. Court of Appeals ruled that, if a taxpayer has informed an IRS agent that he or she believes that there is an error in an assessment and the agent continues collection action, without first determining if the taxpayers argument has merit, **such an agent loses his or her immunity from suit,** and becomes personally liable for any damage inflicted upon the Citizen. Further, the damaged Citizen may file a criminal suit under Title 18 USC sec. 241 or a civil suit under Title 42, sections 1983, 1985, 1986.

7. The United States **is not a proper party** to this action even though the Principal's agents come in its (United States) name on the "Notice of Federal Tax Lien[s] Under Revenue Laws" and the like, therefore, the Petitioners/Claimants **do not** make the United States a party pursuant to F.R.Civ. P. 17, or in the alternative the United States attempts to make an appearance, the Petitioners/Claimants reserves their rights for full disclosure of whose "... use or benefit of another [the action or levy in the original] shall be brought [for] in the name of the United States"... Whereas, the Respondents/Libelants have consistently refused to exhibit lawful, valid **Treasury Department Delegation of Authority Orders,** they are acting as unauthorized private citizens and are not entitled to the protection of "official duty" and the United States Department of Justice is barred from defending Respondents/Libelants.

## NOTICE OF FOREIGN LAW

8. Petitioners/Claimants give NOTICE OF FOREIGN LAW pursuant to Federal Rules of Civil Procedure 44.1 and Federal Rules of Criminal Procedure 26.1 and that the district court is under legal duty and obligation to take cognizance of the same, and in the matters concerning conflicts of law, the law of the forum United States of America and the Law of Nations are to govern.

4

## NOTICE OF CLASSIFIED INFORMATION

9.  Petitioners/Claimants give NOTICE that they will demand disclosure and subpoena classified information and will question witnesses about same, pursuant to the "Classified Information Procedures Act." Public Law 96-456, 94 Stat. 2025; will address interrogatories to Respondents, and "[b]y the Law of Nations, the courts of justice of different countries are bound mutually to aid and assist each other for the furtherance of justice ...", therefore, Petitioners/Claimants reserves their right to petition this court to issue Letters Rogatory to foreign and domestic courts for oral examination of parties concerning treaties, compacts, agreements, contracts and the like involving the Respondents/Libelants et al., as it applies to any alleged claims as against Petitioners/Claimants property, estate trust and personally, concerning revenue under the forum United States of America and Law of Nations.

## CAUSE OF ACTION

10. Petitioners/Claimants allege that the Respondents/Libelants and others, have filed maritime "Notice of Federal Tax Lien[s] [serial numbers 96119392, 860048066, 859501168, 859501168, 859501166, 96119394, 91016928, 91016927, 91016925] Under Internal Revenue Laws" in the County Record, Bernalillo County, Albuquerque, New Mexico for the year[s] 1983 to 1997 inclusive, for the total amount of $ 125,007.72 on the dates of 9/5/2000, 10/31/96, 6/9/95, 3/12/91, and other libels, known and unknown, by Revenue Officer No. 86-01-3418 et al., for J. Sena signed by K.L. Draper, title Revenue Officer, and others, known and unknown, absent a signature, **absent oath of solemn affirmation validating lien**, and have served alleged "Notices of Intent to Levy", and have levied {sic} money from fiduciaries of Nancy L. Williamson without benefit of authority or court order.

11. Petitioners/Claimants allege fraud on the part of the Respondents/Libelants in creating, signing and filing in the County record Notices of Lien/Levy and Notices of Seizure: Petitioners/Claimants further allege that "type of tax 1040" shown on said Notices by Respondents is not a valid lawful tax.

12. Petitioners/Claimants allege that Respondents/Libelants have not posted a security bond as required by 28 USC 2464.

13. Petitioners/Claimants allege no Warrant of Distraint has ever been issued by a court having jurisdiction in this matter as required by UCC 9-401 and 26 USC 3690 and 3692 giving Respondents/Libelants authority to seize and sell Williamsons property.

14. Petitioners/Claimants allege that the Respondents/Libelants do not have valid Treasury Department Delegation of Authority Orders issued from the Secretary of the Treasury, to summon, assess, lien, levy or seize the private property of a Citizen of New Mexico. Without a Delegation of Authority Order, PURSUANT TO 44 U.S.C. SEC. 1501, applicable to a particular Citizen, and/or class of Citizens, a lien, levy or seizure constitutes racketeering, conspiracy, grand larceny, grand theft, extortion, constructive fraud, mail fraud and conversion. Without a proper Delegation of Authority Order and under 26 USC 7804 (b) Respondents/Libelants are acting as unauthorized private citizens liable in their personal capacities and do not enjoy the protection of "official duty". Therefore, the United States Department of Justice is barred from representing Respondents/Libelants in this matter..

15. Petitioners/Claimants allege that Title 26 is not positive law and is only "prima facie evidence" of the law. The intent of Congress can only be discovered by reference to the Statute that the Code section was derived from. And further allege that Respondents/Libelants have made a gross misapplication of 26 USC section 6331 in their actions against the Petitioners/Claimants. Respondents/Libelants claim authority under section 6331, underlying Statutes do not grant such authority.

16. Petitioners/Claimants allege that Respondents/Libelants have fraudulently placed the Williamsons into "taxable activities" in which the Williamsons are not engaged for the express purpose of fraudulently gaining jurisdiction over the Williamsons.

6

17. Petitioners/Claimants allege that the Respondents/Libelants actions are not based upon a valid tax assessment. And, further allege, that no Collection Procedures can be instituted without a lawful, properly executed, valid assessment.

18. Petitioners/Claimants allege that no properly executed Notice of Assessment and Demand for Payment pursuant to 26 USC 6303 and CFR 301.6303-1 has ever been issued, served or mailed to them related to any tax.

19. Petitioners/Claimants allege that Respondents/Libelants have made an unspecified number of unauthorized disclosures of tax information in violation of 26 USC 6103 and are subject to penalty under 26 USC 7431.

20. Petitioners/Claimants allege that because Respondents knowingly concealed material facts that should have been disclosed, made false or misleading statements, Respondents/Libelants have systematically defrauded the Williamsons of rights and property.

21. Petitioners/Claimants allege Respondents/Libelants have committed unlawful acts of extortion, willful oppression under color of law, knowingly demanding other or greater sums than authorized by law, making and signing fraudulent documents, certificates, statements and entries relative to the Williamsons and their property.

22. Petitioners/Claimants allege that Respondents/Libelants are subject to prosecution under 18 USC section 1001 for knowingly covering up material facts, making false, fictitious or fraudulent statements, representations, or making or using false writings or documents.

23. Petitioners/Claimants allege that the Respondents/Libelants Notices Of Lien/Levy and Notices of Seizure, have damaged the Williamsons, their property and rights to property, estate, trust, their good name, and their ability to transfer, sell and freely use same, therefore, this has caused Petitioner/Claimants, to be put into a position of

involuntary servitude and peonage against their will and against the laws of the
United States of America, the state of New Mexico and the Law of Nations.

24. The Petitioners/Claimants allege they have been denied their Constitutional right to
due process. Petitioners/Claimants further allege that the Respondents/Libelants and
the United States District Court, have never afforded the Williamsons a "meaningful
opportunity to be heard" as required by the United States Supreme Court in decisions
explained in item 3 of the memorandum, (attached), and Title 26 section 7401, 7402,
7403, and 7804(b).

25. Petitioners/Claimants allege that the Respondents/Libelants, in the original, and in the
alternative filings of the Notices of Lien/Levy and Seizure, have never met the
requirements of the de jure laws of the forum United States of America or the Law of
Nations, or the Admiralty, in any of their filings. Petitioners/Claimants allege that the
Respondents/Libelants have violated internal revenue laws, regulations and
procedures.

26. Petitioners/Claimants allege that the Respondents/Libelants have committed an
unconstitutional seizure and sale of private property without benefit of a court order
in violation of 28 USC 2463, IRC sec. 7323, 31 USC 5323 and 12 Stat. 319.

27. Petitioners/Claimants allege that the property seized and sold is not "property subject
to forfeiture" under any Internal Revenue Law and therefore was seized and sold
fraudulently in violation of 26 U.S.C. sections 7301, 7302, 7303, 7321, 7323 and
7401 and 7403.

28. Petitioners/Claimants allege that Respondents/Libelants have fraudulently based their
Notice of Liens/Levies and Notice of Seizure upon "type of tax 1040" which can not
be found to be a legitimate tax. And, that an exaction in the guise of a tax is a taking
in violation of the 4th, 5th, 9th and 10th Amendments to the Constitution.
Petitioners/Claimants further allege that Form 1040 was shown on IRS application to

the Office of Management and Budget for the OMB number, to be a supplemental form to Form 2555 (Foreign Earned Income) to be used for claiming certain exemptions and that filing only a Form 1040 would be an error.

29. Petitioners/Claimants allege that Respondents made fraudulent statements to bidders at property auction about IRS liens discharging all other liens.  An IRS lien based upon a mythical "type of tax 1040" carries no weight of law and does not discharge or supercede any other lien.

30. The Petitioners/Claimants, allege they are without remedy to vacate, to remove or to replevin liens, levies and property respectively. Petitioners/Claimants further allege that they have exhausted all administrative remedies discoverable and known to them. Petitioners/Claimants only redress in this matter, is for this court to review this petition **and make further inquiry into the acts and omissions or commission** by Respondents/Libelants pursuant to Title 18 USC Sec. 4, 3, and 2.

31. The Petitioners/Claimants affirm and declare based upon information, knowledge and belief that the above is true and correct.  All and singular the premises are true and within the admiralty and maritime venue and jurisdiction of this Honorable Court.

32. The Petitioners/Claimants invoke the right to a jury trial as secured by Title 26 section 7804(b) and 42 USC 1983.

### <u>CONCLUSION AND PRAYER FOR RELIEF</u>

Wherefore Petitioners pray that this district court is mandated pursuant to the Supplemental Rules of Admiralty and the Law of Nations, Law and Justice supra., for an inquiry into all the matters herein sworn to by the Petitioners/Claimants, with a report of its findings pursuant to Libel of Review.  If upon its findings and conclusions, pursuant to law, justice and fact, it is found that Petitioners/Claimant's claims are well founded, then in the interest of Law and Justice: that: **(1)** the Court notify Respondents/Libelants et al., to return **all** properties and monies taken from Petitioners/Claimant's fiduciaries and the

like; **(2)** Remove all Notices of Liens on record; or if: **(3)** The Respondents/Libelants et al., refuse such notice by the court, the Petitioners/Claimants, Libel of Review, Complaint etc:, be filed, Admiralty process issue, and that Respondents/Libelants et al., be cited to appear and answer the allegations of this libel of review; that said suit shall be reviewed, in the original, in the alternative, that alleged liens be removed and levies dismissed along with the return of all money and property of Petitioners/Claimants. And that Petitioners/Claimants, John S. and Nancy L. Williamson may have such other punitive damages and further relief as they may be entitled to receive along with all costs of this litigation per 26 USC section 7430.

Respectfully,

Dated: *May 17, 2004*

*John S Williamson*

John S. Williamson, Pro Se

*Nancy L Williamson*

Nancy L. Williamson, Pro Se

On _____ 17th _____ day of _____ May _____ 2004,

in the State of New Mexico in the County of Bernalillo;

John S. Williamson and Nancy I. Williamson,

did appear before me with sufficient identification and signed in my presence the above *document.*

*Roberta J An*

Notary

*5-8-06*

My Commission expires

NOTARY PUBLIC
STATE OF
NEW MEXICO
Roberta J. Ansloan
My Commission Expires 5-8-08

John S. Williamson

Nancy L. Williamson

1277 Historic Rte. 66E.

Tijeras, New Mexico [87059] (505)-281-5788

PRO SE

## DISTRICT COURT FOR THE UNITED STATES
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOHN S. WILLIAMSON, and<br>NANCY L. WILLIAMSON<br>    PETITIONERS/CLAIMANTS, | **ADMIRALTY CASE #** |
| V. | |
| JACKIE SENA, AKA JACQULINE<br>SENA,<br>CHRIS ROBINSON,<br>FIDEL ATENCIO,<br>MIKE ATHERS,<br>KENNY WYATT,<br>SHARON PARKER,<br>    LIBELANTS/RESPONDENTS,<br>    Individually, not in any official<br>    capacity. | IN ADMIRALTY<br>IN RE<br><br>**MEMORANDUM IN SUPPORT OF**<br>**LIBEL OF REVIEW**, ANSWER OF<br>*John S. Williamson, and*<br>*Nancy L. Williamson*<br>COMPLAINT OF INVOLUNTARY<br>SERVITUDE AND PEONAGE, and<br>VIOLATION OF CONSTITUTIONAL<br>RIGHTS TO DUE PROCESS.<br>    IN RE:<br>ALL PROPERTY AND RIGHTS TO<br>PROPERTY OF THE WILLIAMSONS'<br>THEIR ESTATE AND TRUST. |

## MEMORANDUM

1. The District Court of the United States is the proper venue and has jurisdiction to hear this Libel in Review. This is a proceeding in **ADMIRALTY.**

> "In this country, revenue causes had so long been the subject of admiralty cognizance, that congress considered them as **civil causes of admiralty and maritime jurisdiction**, and to preclude any doubt that might arise, carefully added the clause 'including', etc. This is clear proof that congress considered these words to be used in the sense they bore in this country and not in that which they had in England. The Act gives exclusive admiralty and maritime jurisdiction to the **district court**. As a court of the Law of Nations, ....
> **THE HUNTRESS,** 12 Fed. Case 984 @ 992 & 989, (Case No. 6914) **(D.Me. 1840):**

2. As further evidence that the action before the court is in fact an admiralty action we find in **United States of America V. $3,976.62 in currency, one 1960 Ford Station Wagon Serial No. OC66W145329,**

> "Although, presumably for purposes of obtaining jurisdiction, action for forfeiture under internal Revenue Laws is commenced as **proceeding in admiralty**, after jurisdiction is obtained proceeding takes on character of civil action at law, and at least at such stage of proceedings, Rules of Civil Procedures control. (Emphasis added.)

3. **United States v. James Daniel Good Real Property** 510 U.S. 43 (1993), Held;

> 1.    Absent exigent circumstances, the Due Process Clause requires the Government to afford notice and a **meaningful opportunity to be heard** before seizing real property subject to civil forfeiture. Pp 48-62 (emphasis added)
>
> (a.) The seizure of Good's property implicates two "explicit textual source[s] of Constitutional protection," the Fourth Amendment places limits upon the Government's power to seize property for the purposes of forfeiture, it does not provide the sole measure of Constitutional protection that must be afforded property owners in forfeiture proceedings. **Gerstein v. Pugh,** 420 U.S. 103; **Graham v. Connor,** 490 U.S. 386. Where the Government seizes property not to preserve evidence of criminal wrong doing, but to assert ownership and control over the property, its action must also comply with the Due [510 U.S. 44] Process Clause. *See, e.g., Calero-Toledo v.Pearson Yacht Leasing Co., 416 U.S. 663; Fuentes v. Shevin, 407 U.S. 67 Pp 48-52.*

**(b.)** An exception to the general rule requiring pre-deprivation notice and hearing is justified only in extraordinary situations. *Id.* at 82. Using the three-part inquiry set forth in *Mathews v. Eldridge*, 424 U.S. 319 –consideration of the private interest affected by the official action; the risk of an erroneous deprivation of that interest through the procedures used, as well as the probable value of additional safeguards; and the Government's interest, including the administrative burden that the additional procedural requirements would impose, *Id.* at 335 - - the seizure of real property for the purposes of civil forfeiture does not justify such an exception. Good's right to maintain control over his home, and to be free from Governmental interference, is a private interest of historic and continuing importance, *cf.*, *e.g.*, *United States v Karo*, U.S. 705, 714-715, that weighs heavily in the *Mathews* balance. Moreover, the practice of *ex parte* seizure creates an unacceptable risk of error,... Nor does the governmental interest at stake here present a pressing need for prompt action. Because real property can not abscond, a court's jurisdiction can be preserved without prior seizure simply by posting a notice on the property and leaving a copy of the process with the occupant. In addition, the Government's legitimate interests at the inception of a forfeiture proceeding ... can be secured through measures less intrusive that seizure: a *lis pendens* notice to prevent the property's sale, a restraining order to prevent its destruction, and search and arrest warrants to forestall further illegal activity. **Since a claimant is already entitled to a hearing before final judgment, requiring the Government to postpone seizure until after an adversary hearing creates no significant administrative burden, and any harm from delay is minimal compared to the injury occasioned by erroneous seizure. Pp 52-59 (emphasis added)**

4.  The Petitioners refer the court to **1 Benedict [6ᵗʰ Edition] Sec. 17, p. 28**: which reads in pertinent part: "As no court **other than a court of admiralty** can enforce maritime liens, no other court can displace, discharge or subordinate them. Neither the State courts nor the United States courts on their common law, equity and bankruptcy sides can divest, transfer to proceeds or adjudicate the maritime liens unless the maritime lienor voluntarily submit themselves to the jurisdiction." Emphasis added.

5.  Pursuant to **28 USC Sec. 2463**,

    "All property taken or detained **under any revenue law** of the United States ... shall be deemed in the custody of the law and subject only to the orders and

decrees of the **courts of the United States having jurisdiction thereof.''**
(emphasis added.)

6.  As a further indication that the issue before the court is a matter of admiralty,

Petitioners refers the court again to "**Benedict's Admiralty, "7th ed., Vol. 2 Chapter**

**IV Sec. 51 footnote 7.**

"...[I]t is now generally held that government tax claims under 26 U.S.C. Sec
6321 'upon all property and rights of property whether real or personal' **rank
below all other maritime liens** ..."

7.  Pursuant to **Title 26 section 7804(b)**, which states:

**(b)** PRESERVATION OF EXISTING RIGHTS AND REMEDIES. – **Nothing in
Reorganization Plan Numbered 26 of 1950 or Reorganization Plan Numbered 1 of 1952 shall
be considered to impair any right or remedy, including trial by jury, to recover any internal
revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty
claimed to have been collected without authority, or any sum alleged to have been excessive
or in any manner wrongfully collected under the internal revenue laws. For the purpose of
any action to recover ant such tax, penalty, or sum, all statutes, rules, and regulations
referring to the collector of internal revenue, the principal officer for the internal revenue
district, or the Secretary, shall be deemed to refer to the officer whose act or acts referred to
in the preceding sentence gave rise to such action. The venue of any such action shall be the
same as under existing law.**

The next to last sentence of this section places responsibility squarely upon the

individual officer or agent for the act giving rise to any action.  Petitioners/Claimants

invoke all of the rights specified as secured by this section, including right to a jury

trial.

8.  **Internal Revenue Manual, Volume 1, The Commerce Clearinghouse.**

"Each regional and district office and service center should maintain at least one
complete and annotated file of all Delegations of Authority(s) [DOA] made to
such office and by such office."

No Treasury Department Delegation of Authority Order (TDO) has been issued,
delegating any authority, from the Secretary of the Treasury, to any employee or
agent of the Internal Revenue Service to summons, assess, lien or levy or seize the
private property of a Citizen of the 50 Republic states. No such Citizen can be
adversely affected or bound by an unpublished order.

4

9. The Supreme Court of the United States of America has established five criteria that a
   seizure of property must meet in order to be considered Constitutional. These criteria
   are:

   **1.) effective notice to persons having interests in the property seized,**
   **2.) judicial review prior to attachment,**
   **3.) avoidance of conclusory allegations in the complaint,**
   **4.) security posted by the plaintiff to protect the owner of the property under**
   **attachment, and**
   **5.) a meaningful and timely hearing after attachment.**

   The seizure of the property in question has and is clearly unconstitutional in all
   respects.

10. "A cardinal principle, in which the practice of admiralty courts differs from that of
    court of common law, permits the parties to a suit to prosecute and defend upon their
    rights as such rights exist at the institution of the action; the assignment of a right of
    action being deemed to vest in the assignee all the privileges and remedies possessed
    by the assignor. According to the common law, **the injured party alone is**
    **permitted to sue for a trespass, the damages being deemed not legally assignable;**
    and if there be an equitable claimant, he may sue only in the name of the injured
    party. **In admiralty, however, the common practice is to have the suit conducted**
    **in the names of the real parties IN INTEREST."** 1 R.C.L Sec.33, pg. ,424 (1914);

    "… and when a statute of the United States so provides, an action for the use or
    benefit of another shall be brought in the name of the United States." F.R.Civ.P.
    17. The district courts are prohibited from granting venue where the United
    States has less than "one-half of its capitol stock …" of the
    Respondents/Libelants Principal the Fund and Bank. 28 USC Sec. 1349; The
    government by becoming a corporator, (see 22 USCA, 286e) lays down its
    sovereignty and takes on that of a private citizen, 28 USC Sec. 3002(15)(A)-(C).
    It can exercise no power, which is not derived from the corporate charter. (see:
    **The Bank of the United States Vs. Planters Bank of Georgia,** 6 L.Ed. (9
    Wheat) 244; **U.S. Vs. Burr,** 309 U.S. 242). The **REAL PARTY IN**
    **INTEREST** is not the de jure "United States of America" or "State"; but "The
    Bank" and "The Fund." (22 U.S.C.A. 286, et seq.). The acts committed under
    fraud, force and seizures are many times done under "Letters of Marque and
    Reprisal" i.e. "recapture". (see 31 U.S.C.A., 5323). The instant libel is an act of
    reprisal against Petitioners for having made Respondents "lose face" because of
    the decision in **U.S. V. John S. Williamson,** 1FR 3d, 1134. Such principles as
    "Fraud and Justice never dwell together", Wingate's Maxims 680, and " A right
    of action cannot arise out of fraud." Broom's Maxims 297, 729.

11. "According to International Law it has long been established that, although a person who claims to be the owner of a ship is bound by the character fastened upon her by the flag, under which he has chosen to let her pass, captors are not affected by the flag, but are entitled to go behind it, and to show the true character of the ship by reference to the substantial interest in it, the effective control over it, and the real propriatorship of it." **Prize law during the world war,** James Wilford Garner, MacMillian Co., (1927) Sec. 284 pgs. 378, 379, quote of Sir Samuel in the "Kankakee, Hoching and Genesee," British Prize Court 1918. See Benedict [6th Edition] Sec. 400, pgs, 92, 93. 254 U.S. 671 @ p. 689, Admiralty Rules of Practice – Claim – How Verified – Rule 25.

12. This court lacks jurisdiction over the petitioners who are appearing specially and not generally. Although in most courts special appearance has been abolished and in this instant case since the issue before the court is **admiralty** the Petitioners point out: "While the modern version of Federal Rules of Civil Procedure 12(h)(1) has abolished the distinction between general and special appearances for virtually all suits brought under those rules, the **Supplemental Rules for Certain Admiralty and Maritime Claims has preserved two forms of restricted appearance** ... Rule E(5)(a) ... and Rule E(8) ... The rule was fashioned in order to avoid subjecting an in rem party, John S. and Nancy L. Williamson, to the jurisdiction of the court with reference to other claims for which 'such process is not available or **has not been served** ...' **U.S. V. Republic Marine, Inc.,** 829 F.2d. 1399 @ p. 1402. (emphasis added.)

13. Petitioners draws attention to **2 Benedict** [6th Edition] Sec. 275, pg. 119, 120:

"But where a party discovers that ... he has had no proper notice ... and has thereby been deprived of property; or where there has been **fraud** of any kind ... so that no regular remedy is left him, he may obtain redress by filing a **Libel of Review.** The subsequent proceedings will be the same as in any suit and the decree of the court will be such as equity demands. There is no corresponding provision in the Civil Rules." (Emphasis added.)

14. The Petitioners/Claimants pray the indulgence of the court in reviewing **26 USC Sec. 7323 JUDICIAL ACTION TO ENFORCE FORFEITURE.** Sec. 7323 reads:

Nature and Venue; "The proceedings to enforce such forfeitures shall be in the nature of a proceeding *in rem* in the United States District Court for the district where such seizure is made."

No action has been brought against John S. and Nancy L. Williamson or their property in the District Court of the United States. The Petitioners/Claimants again direct the attention of the court to 26 USC Sec.7401 – AUTHORIZATION –

"No civil action for the collection or recovery of taxes, or of any fine, penalty, or **forfeiture**, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."

A review of the record maintained by the Attorney General failed to show any authorization.

15. As a matter of public record contained in the GAO audit of 1992/3 the internal Revenue Service falsifies documents routinely in order to meet its goals. See pg. 5 of audit results.

16. Since the statutes themselves declare that seizures and forfeitures are admiralty operations, **the property is held by the law** and cannot be conveyed unless by court order. A question arises based upon the actions of the Respondents/Libelants. Monies have been seized from the John S. and Nancy L. Williamsons' fiduciaries as noted in the verified complaint. Evidently no court of competent jurisdiction has been notified, served or engaged in any fashion or manor. This is a clear

violation/failure of due process circumventing the 4th and 5th Amendments to the

Constitution for the United States of America (taking without just compensation). A

question for this Honorable Court to discover the answer to is; "where is the

judgement for the liens, levies and seizures?"

17. Through the testimony of witnesses and evidence at hand and to be discovered,

evidence of a systematic scheme or enterprise is visible which are predicated acts

under R.I.C.O. statutes 18 USC Sec. 1961 et seq. To wit:

"three or more parties engaged in an unlawful activity to deprive American Citizens
of their property without just compensation or due process of law pursuant to 18 USC
Sec. 2, 3, 4, and 241."

Criminal referral of Respondents/Libelants is requested.

18. Under 26 USC Sec. 6902(a) burden of proof.

"... burden of proof shall be upon the Secretary to show that the Petitioners are
liable as a transferee [or back up withholding agent of tax payer] of property of
tax payer, but not to show that the taxpayer was liable for the tax." (Emphasis
added.)

**NOTE:** Petitioners/Claimants et al., are not claiming any rights to Tax Court implied
or otherwise.

19. A Warrant of Distraint must be issued by a state court and signed by a de jure judge

of such court.. In law no authority for issuing a Notice of Distraint exists for the non-

filing of a 1040 Form, which is voluntary. See United states v. O'Dell No. 10188,

Circuit Court of Appeals, Sixth Circuit, March 10, 1947, and G.M. Leasing Corp. v.

United States, 429 U.S. 338 (1977). UCC sec. 9-401 requires appearance in a state

court prior to the issuance of a Warrant of Distraint. A denial of this constitutes a

denial of Due Process of Law.

20. 301.6303-1 CFR "Notice and Demand For Tax. (a) Where it is not otherwise provided by the Code, the district director or the director of the regional service center shall, after the making of an assessment of a tax pursuant to 6203, give notice to each person liable for the the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be given as soon as possible and within 60 days…" INTERNAL REVENUE KEY 4957 "Taxpayers would be entitled to income tax refund if collection was effected by illegal use of liens and levies in absence of Notice and Demand from IRS." United States v. Berman, 825 F 2d. 1053, 1056-1057 (6th Cir. 1987). 26 USCA 6303(a).

21. No indication of any bond or surety, relative to this matter, has been made by the international Monetary Fund, the Internal Revenue or it's agents.

22. No action has been filed before any court of competent jurisdiction. The Attorney General (A.G.) for the United States, as indicated in the documents, is unaware of any action civil, criminal or otherwise pending pursuant to 26 USC Sec. 7401. A possibility exists that property may be concealed, converted or destroyed to preclude the intervention of this Honorable court. In such instances the prohibitions contained in 26 USC Sec. 7421 do not apply. It was not the intention of Congress to circumvent the safe guards contained in the 4th and 5th Amendments of the Constitution for the United States of America and therefore, enacted 5 USC Sec. 706 for the purposes of review of administrative agencies. Pursuant to the United States Attorney's Manual (USAM) Sec. 6-5.330 INJUNCTION ACTIONS: Section 7421(a) provides, generally that no suit for the purpose of restraining the assessment of any tax shall be maintained by any person in any court, whether or not such person is the person

against whom such tax was assessed. In light of 26 USC Sec. 7421, injunctive relief may be had only upon satisfaction of the twofold test laid down in **Enochs V. Williams Packing & Navigation Co.,** 370 U.S. 1 (1962). Respondents/Libelants are unable to produce any record of any assessment specific to Petitioners/Claimants, or record of account, conclusive proof that this instant action is not to stop or interfere with any assessment, because there is no assessment.

23. It is interesting to note that the term **"BY ANY PERSON IN ANY COURT"** is used in the above cite. The law is dispositive in directing that, "**all property** taken or detained **under any revenue law** of the United States ... shall be deemed in the custody of the law and subject only to the orders and decrees of the court of the United States having jurisdiction thereof." (emphasis added.) *Since no court order issuing from a Court of competent jurisdiction is evident, a question is raised, "who receives the property and where does the money go that is in the custody of the law?"* See 28 USC Sec. 2463. Did the governor of the International Monetary Fund or any of his agents **post a bond** (28 USC Sec. 2464) in order to protect the interest of the United States of America? Is it reasonable to assume that this court is barred by the Anti-Injunction Act 26 USC Sec. 7421 in protecting the property that is placed in it's custody by the agents of the International Monetary Fund pursuant to the revenue laws of the corporate United States? These Petitioners think not. In simple words, the much over used section 26 USC 7421 is inappropriate as generally applied by the internal Revenue Service. Petitioners/Claimants request criminal referral of Respondents/Libelants under Title 18 Sec. 1001.

23. Upon review of the Unification Act of 1964 an interesting comment was made which bares light on this instant case. This following is not a direct quotation but is simply

paraphrased: *Most attorneys and for that matter most court are singularly lacking expertise in Admiralty/Maritime law.*

**Judicial Canon #1** is extremely important. Due diligence and a complete review of the merits of the case are necessary in the interest of justice. These Pro Se litigants are not knowledgeable in the niceties of the law and rely upon the discretion of the court to apply justice fairly and evenly pursuant to 28 USC Sec. 471, Federal Rules of Civil Procedure- Rule 81 and rights and safe guards paid for in the highest premium, the blood of patriots, for the people of the United States of America and their posterity.

Respectfully,

Dated: *May 17, 2004*

John S. Williamson, Pro Se

Nancy L. Williamson, Pro Se

On ___17th___ day of ___May___ 2003. 2004

In the State of New Mexico

in the County of Bernalillo; John S. Williamson and Nancy L. Williamson did appear before me with sufficient identification and signed in my presence the above document.

Notary

Seal

My Commission expires

5-8-06

NOTARY PUBLIC
STATE OF
NEW MEXICO
Roberta J. Ansloan
My Commission Expires 5-8-06

11