IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN S. WILLIAMSON, and
NANCY L. WILLIAMSON,

       Plaintiffs,

vs.                                                                                          No. CIV 04-0537 JB/LFG

JACKIE SENA a/k/a JACQULINE SENA,
CHRIS ROBINSON, FIDEL ATENCIO,
MIKE ATHERS, KENNY WYATT,
SHARON PARKER,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiffs' Petition for Default on Failure to Answer, filed August 30, 2004 (Doc.7); and (ii) the Defendants' Motion for Summary Judgment and Brief, filed September 21, 2004 (Doc. 9). The primary issue is whether the Court has jurisdiction over the Defendants in this case. Because the Court finds that the Plaintiffs have not properly served the Defendants in this case, the Court will allow Ms. Williamson ten days to perfect service. If service is not perfected, the Court will enter an Order granting the Defendants' motion to dismiss and will dismiss the Plaintiffs' Complaint without prejudice.[1]

---

[1] In their response to the Defendants' motion, the Williamsons object to Joseph A. Pitzinger, the Defendants' counsel, entering an appearance on this matter. The Williamsons contend that Mr. Pitzinger has not shown the Court that he has filed a "FAITHFUL PERFORMANCE BOND with the Secretary of State for New Mexico" and that he therefore is in violation of New Mexico law. The Williamsons have not cited support for this statement, and the Court is unaware of such a requirement. The Court will overrule the Williamsons' objection.

**FACTUAL BACKGROUND**

Defendants Michael Albers,[2] Sharon Parker, and Christopher Robinson's only encounter and involvement with the Williamsons were as Special Agents accompanying the service of IRS Notices of Seizure and Sale on April 4, 2003.  See Declaration of Michael Albers ¶¶ 3-4, at 1 (executed August 17, 2004); Declaration of Sharon M. Parker ¶¶ 3-4, at 1 (executed August 17, 2004); Declaration of Christopher Robinson ¶¶ 3-4, at 1 (executed August 6, 2004).  Defendant Fidel Atencio's sole involvement was in selling the Williamsons' property to satisfy their tax liabilities between February and June 2003.  See Declaration of Fidel Atencio ¶¶ 3-4, at 1-2 (executed July 30, 2004).  Defendant Revenue Officer Jackie Sena has been involved with collecting Mr. Williamson's federal tax liabilities since 1996.  See Declaration of Jackie Sena ¶¶ 2-6, at 1 (executed August 18, 2004).  Defendant Kenny Wyatt's sole involvement has been as Sena's managing supervisor during that period.  See Declaration of Kenny Wyatt ¶¶ 2, 3(B),[3] at 1 (executed August 18, 2004).  The common bond amongst all six defendants was serving the Williamsons on April 4, 2003, with IRS Notices of Seizure and Sale.

**PROCEDURAL BACKGROUND**

This case is the latest of a succession of cases that the Williamsons have filed complaining about the assessment and collection of taxes.  See Williamson v. Commissioner, T.C. Memo 1981-721, 1981 WL 11099 (U.S. Tax Ct.); Williamson v. Commissioner, T.C. Memo 1987-118, 1987 W.L. 40195 (U.S. Tax Ct.); United States v. Williamson, 1 F.3d 1134 (10th Cir. 1993); Williamson

---

[2] The Williamsons name "Mike Athers" as a Defendant.  On the United States' information and belief, it should be "Michael Albers."

[3] Wyatt's declaration contains two number "threes."  Accordingly, the Court will refer to paragraphs as "3(A)" and "3(B)" respectively.

v. United, Civil No. 94-253 (D.N.M.); United States v. John S. Williamson, Civil No. 95-1153 (D.N.M.); Williamson v. United States, 84 F. Supp. 2d 1217 (D.N.M. 1999), aff'd, 215 F.3d 1338 (10th Cir. 2000). The Defendants' attorney represents that he is aware the Williamsons have filed other cases, but does not have cites for them. The Court has had one case with the Williamsons and the six Defendants in this case, which led to several opinions and orders, and eventually final judgment. See Williamson v. Sena, No. CIV 03-0570 JB/WDS (D.N.M.); id. Memorandum Opinion, filed May 12, 2004 (Doc. 43)(denying the Williamsons' motion for default on failure to answer and granting in part the Defendants' motion to dismiss); id. Memorandum Opinion and Order, filed May 12, 2004 (Doc. 42)(dismissing the case without prejudice for failure to properly serve and prosecute case); Memorandum Opinion and Order, filed July 8, 2004 (Doc. 46)(denying the Plaintiff-in-Intervention's motion to intervene).

The Court has ordered Mr. Williamson not to file actions against any present, past, or future employees of the United States without first obtaining the Court's permission. See United States v. John S. Williamson, Civil No. 95-1153 SC, Judgment at 2, entered May 7, 1997 (D.N.M.). The Judgment states:

> It is further ORDERED, ADJUDGED and DECREED that the Defendant, John S. Williamson, is enjoined from filing any future liens, writs of escheat, writs of attachment, or legal actions against any present, past or future employee or officer of the United States, for actions taken while employed by the United States or while an officer of the United states, without first obtaining leave from a competent federal or state court.

Id.

The Williamsons earlier filed Williamson v. Sena, Civil No. 03-570 JB/WDS (D.N.M.). That

case contained similar allegations against the Defendants and is a similar action.[4]  The Court recently dismissed that case without prejudice for failure of service on the Defendants and entered Final Judgment on May 18, 2004.

The Williamsons pro se filed the Complaint in this case on May 17, 2004.  The Williamsons admit that they have re-filed CIV No. 03-570 as this case.  The Williamsons have named six officers or employees of the United States Internal Revenue Service as Defendants in this case.  The Complaint states that the Williamsons are suing the Defendants -- "Respondents/Libelants" -- in their "individual capacity" and "individually, not in any official capacity."  Complaint at 1 (Caption).  In paragraph 7, the Williamsons state "the United States is not a proper party."  Id. ¶ 7, at 4.

Although the Complaint lacks details, and states that it is "in Admirality," the Williamsons complain of the collection of their tax liabilities.  Williamsons' allegations involve the seizure and sale of their property to satisfy their tax liabilities.  See id. ¶¶ 1, 23, 26-28 at 2, 7, 8-9.  The Williamsons are suing the Defendants for alleged "acts or omissions occurring in connection with the performance of duties on behalf of the United States."   Fed. R. Civ. P. 4(i)(2)(B).  The Complaint asks the Court to order the return of the Williamsons' property, to remove all Notices of Liens, and for punitive damages.

The Williamsons contend that the Defendants have filed or caused to the be filed faulty Notices of Federal Tax Liens in the public record absent verification and thus in violation of their right to procedural due process.  On June 3, 2003, the Defendants allegedly conducted a sale of property without the benefit of a court, in violation of 28 U.S.C. § 2463 and 26 U.S.C. § 7401.  The

---

[4] All the Defendants sued in this action were also defendants in the No. 03-570 case.  The No. 03-570 action, however, also included ten additional named defendants.

Williamsons contend that the Defendants have conducted an unconstitutional seizure and sale of their property in violation of Supreme Court opinions regarding seizures and sales of private property.

Sena, Robinson, Wyatt, and Parker concede that the Williamsons have properly served them under rule 4(e). A professional process server served Wyatt on May 25, 2004; Sena on May 27, 2004; and Robinson on June 10, 2004. The Williamsons represent that the process servers have, to date, been unable to locate the remaining three Defendants.

The Williamsons have not served the United States, Atencio, or Albers. See Albers Decl. ¶ 6, at 2; Atencio Decl. ¶ 7, at 2; Specifically, the Williamsons have not served the United States Attorney for the District of New Mexico. See Declaration of Shirley Chavez ¶ 4, at 1 (executed September 15, 2004).

Shirley Chavez is a clerical employee of the United States Attorney for the District of New Mexico. See id. ¶ 1. One of her responsibilities is coordinating the receipt of service of process made on the United States Attorney for the District of New Mexico under rule 4(i)(1). See id. The Williamsons attempted service twice on the United States Attorney. The office twice received copies of the Complaint in this case. See id. ¶ 2. Both times they did not serve a summons with the Complaint. See id. Both times the United States Attorney returned the attempted service with a letter telling the Williamsons what needed to be done. See id. In her letter dated May 25, 2004, Jan Elizabeth Mitchell, the Assistant United States Attorney, Chief, Civil Division, wrote to Mr. Williamson, stating:

> We are returning the Complaint that was mailed to our office. We refer you to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure which requires the service of a **summons and complaint** by delivering a copy of the summons and complaint to a

> clerical employee designated by the U.S. Attorney in writing with the clerk of the court (civil process clerk) or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk in the U.S. Attorney's Office. Once proper service has been accomplished, we will process the summons and complaint accordingly.

Letter from Jan Elizabeth Mitchell to John S. Williamson (dated May 25, 2004). The July 27, 2004, letter states in part:

> We are returning the Complaint that was mailed to our office. We refer you to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure which requires the service of a **summons** and a complaint by delivering a copy of the **summons** and complaint to a clerical employee designated by the U.S. Attorney in writing filed with the clerk of the court (**civil process clerk**) or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk in the U.S. Attorney's Office. Once proper service has been accomplished, we will process the **summons** and complaint accordingly.

Letter from Jan Elizabeth Mitchell to John S. Williamson (dated July 27, 2004). Accordingly, the Williamsons have not served the United States Attorney.

The Defendants' attorney has been unable to confirm service or lack of service on the Attorney General. The Williamsons have not filed a return of service on the Attorney General.

The Williamsons did not make or perfect proper service by September 14, 2002 -- 120 days of filing of the Compliant. The Defendants have not waived their right to proper service.

Appearing "specially" and under an alleged "Restricted Appearance," the Williamsons have filed a motion for failure to answer against Sena, Robinson, and Wyatt. It is unclear from the motion's wording whether the Williamsons are also seeking relief from the remaining Defendants, Atencio, Albers, and Parker. Again, the Williamsons name a Mike Athers as a Defendant. The Defendants contend that, upon information and belief, the Williamsons intended to name Michael Albers.

The Defendants oppose the Williamsons' motion. The Defendants have also filed a motion to dismiss or alternatively for summary judgment. The Defendants move to dismiss the Williamsons' Complaint for failure to state a cause of action for which the Court may grant relief. The Defendants indicate that, to the extent the Court must rely on matters outside the pleadings, they move for summary judgment pursuant to rule 56 of the Federal Rules of Civil Procedure. In addition, the Williamsons argue that the Court should dismiss John Williamson's allegations for violating an earlier court order prohibiting him from filing actions against governmental employees without first obtaining the Court's permission.

## FEDERAL RULES OF CIVIL PROCEDURE 4(e), (j), and (m), 12(a)(3), and 41(b)

The district court lacks personal jurisdiction where the plaintiff has not properly served the defendant with process in accordance with rule 4. Even service that succeeds in providing a defendant with actual notice of a lawsuit, but fails to satisfy rule 4's technical requirements, will not permit the court to render a personal judgment against the defendant absent a waiver of the defective service. See Friedman v. Estate of Presser, 929 F.2d 1151, 1155-1156 (6th Cir. 1991)(citing cases). The plaintiff carries the burden of demonstrating that personal jurisdiction exists. See Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984).

Rule 4(i) provides the rules for service upon the "United States, [and i]ts [a]gencies, [c]orporations, [o]fficers, or [e]mployees." Rule 4(i)(2)(B) provides that a plaintiff effects service on an officer or employee sued in an individual capacity by serving the United States in the manner that rule 4(i)(1)(A) prescribes and by serving the officer or employee in the manner that rule 4(e), (f), or (g) prescribes. The plaintiff must serve the United States by mailing a copy of the Summons and Complaint by registered or certified mail to the Attorney General and by delivering a copy of the

Summons and Complaint to the local United States Attorney's office.  See Relf v. Gasch, 511 F.2d 804, 807 n.17 (D.C. Cir. 1975)(then F. R. Civ. P. 4(d)(5)); Fed. R. Civ. P. 4(i)(1)(A), (B).  Finally, where a complaint seeks relief from an agency of the United States, a plaintiff must also send a copy of the summons and complaint by registered or certified mail to such agency.  See Fed. R. Civ. P. 4(i)(2)(A).

Rule 4(m) requires the plaintiff to serve a copy of the summons and complaint on the defendant within 120 days of the complaint's filing.  Rule 12(a)(3)(B) does not require an officer or employee of the United States sued in an individual capacity to serve an answer until sixty days after service.  The defendants need not answer until sixty days after the plaintiff serves the United States Attorney.  See Fed. R. Civ. P. 4(i)(1); id. at 12(a)(3)(B)(stating that the answer must be served "within 60 days after the service on the officer or employee, or service on the United States Attorney, whichever is later").

## ANALYSIS

Mr. Williams has violated the Court's order prohibiting him from suing United States employees without securing the Court's permission.  Ms. Williamson has not perfected service on United States employees whom she serves in their individual capacity.  The time for correcting these errors has long passed.  The Court will therefore dismiss the Williamsons' Complaint without prejudice.

**I.     THE COURT WILL DISMISS MR. WILLIAMSON'S CLAIMS FOR VIOLATING THE COURT'S ORDER PROHIBITING HIM FROM BRINGING ACTIONS AGAINST ANY PRESENT, PAST, OR FUTURE EMPLOYEE OF THE UNITED STATES WITHOUT FIRST OBTAINING THE COURT'S PERMISSION.**

Mr. Williamson has violated the Court's order prohibiting actions against federal employees.

The Court will dismiss him as a plaintiff and his action for violating the Court's order prohibiting him from bringing actions against any present, past, or future employees of the United States without first obtaining the Court's permission.

## II.     THE COURT WILL DENY THE MOTION FOR DEFAULT JUDGMENT.

The Williamsons have not perfected service on the Defendants. At a minimum, the Williamsons have not met their burden to show that they have made service on the Attorney General. Absent proper service, the Court lacks personal jurisdiction over the Defendants or the United States. See Micklus v. Carlson, 632 F.2d 227, 240 (3d Cir. 1980); Relf v. Gasch, 511 F.2d at 807-08; Mecartney v. Hoover, 151 F.2d 694, 694 (7th Cir. 1945); Green v. Laird, 357 F. Supp. 227, 229-230 (N.D. Ill. 1973)(then 4(d)(5)).

The Defendants are not in default. The Williamsons are incorrect that the time for the Defendants to answer has expired. The Defendants need not answer until sixty days after proper service. The Court will deny the Williamsons' motion for default because they have not served the Defendants. To the extent that the Williamsons are seeking a default against Atencio, Albers, or Parker, the Williamsons have not served the United States or personally served Atencio and Albers.

## III.    IF SERVICE IS NOT PERFECTED WITHIN TEN DAYS OF THIS OPINION, THE COURT WILL DISMISS THE INDIVIDUAL DEFENDANTS FOR INSUFFICIENT SERVICE OF PROCESS.

The Williamsons do not dispute that they failed to properly accomplish service of the papers on all of the Defendants and the United States. Instead, they blame the process servers for the problem. Given that the Williamsons did not perfect service by September 14, 2004, the Court will dismiss their case for lack of personal jurisdiction. The Court will dismiss the Williamsons' case without prejudice for lack of service if not perfected within ten days of this Opinion.

## IV.    IF SERVICE IS NOT PERFECTED, THE COURT WILL DISMISS THE CASE WITHOUT PREJUDICE.

Because the Williamsons have not perfected service, the Court may dismiss the case without prejudice for lack of personal jurisdiction.  See Fed. R. Civ. P. 4(m).  The Defendants ask, however, that, because this case is the second time the allegations have been brought against them, and because Ms. Williamson has both times failed to properly effect service, that the dismissal be with prejudice under rule 41(b).

This case is at least the second time that the Williamsons have not served the five Defendants. See Williamson v. Sena, Case No. 03-570 JB/WDS (D.N.M.).  The prior action was almost identical. The Defendants urge that the Court should not reward the Williamsons for their repeated failure to properly serve the Defendants.  Alternatively, the Defendants ask that the Court, if it will not dismiss with prejudice, order the Williamsons to properly serve the Defendants by a date certain or the case will be dismissed with prejudice for lack of prosecution.

Rule 4(m) indicates that dismissal for lack of adequate service should be without prejudice. The Williamsons are not moving to dismiss under rule 41.  While the Court understands the Defendants' analogy to a second dismissal for failure to perfect service, the Court believes that rule 4(m)'s language controls.  The Defendants have not cited any support for their request that the Court dismiss the case with prejudice.  The Court has found none.

If Ms. Williamson wishes to perfect service, she must perfect within ten days from the entry of this Memorandum Opinion and Order.  To perfect service, Ms. Williamson must deliver a copy of the Summons and the Complaint to the United States Attorney, and must send a copy of the Summons and the Complaint by registered or certified mail to the Attorney General of the United

States at Washington, District of Columbia.  Ms. Williamson must also properly serve Albers and Atencio under rule 4(e).  The Court will not, at this time, enter an Order granting the motion to dismiss or a Final Judgment on this case.  If no notice of perfection in service is received by the Court by the ten-day time period, the Court will enter an Order and a Final Judgment.

**IT IS ORDERED** that the Plaintiffs' Motion for Default for Failure to Answer is denied.  The Defendants' Motion to Dismiss will be granted after ten days unless service is perfected.[5]  The Plaintiffs' Complaint will be dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

John S. Williamson
Nancy L. Williamson
Tijeras, New Mexico

    *Plaintiffs pro se*

Joseph A. Pitzinger
  Attorney, Tax Division
Department of Justice
Dallas, Texas

    *Attorney for the Defendants*

Julie J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

    *Attorney for the Intervenor*

---

[5] The parties raise other issues in their motions.  Having granted the Defendants' motion to dismiss on the grounds of lack of personal jurisdiction, the Court lacks jurisdiction and will not decide any of the other issues at this time.