IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NANCY L. WILLIAMSON,

    Plaintiff,

vs.                                                                                                        No. CIV 04-0537 JB/LFG

JACKIE SENA a/k/a JACQUELINE
SENA, CHRIS ROBINSON, FIDEL
ATENCIO, MIKE ATHERS, KENNY
WYATT, SHARON PARKER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Notice of Criminal Activity and Motion for Order to Cease and Desist and for Damages, filed February 13, 2006 (Doc. 23). The Court held a hearing on this motion on March 29, 2006. The primary issue is whether the Court should enjoin Dos Piedras, a nonparty to this case, from changing locks and from removing personal property from a building that it purchased from the Internal Revenue Service after the IRS seized and sold the building because Plaintiff Nancy L. Williamson and her husband did not pay federal taxes they allegedly owed. Because the Court does not have jurisdiction over Dos Piedras, and because Williamson has not shown that she can meet the elements for an injunction in this case, the Court will deny her motion.

## FACTUAL BACKGROUND

Williamson represents that the property at 1277 Historic Rte. 66E, Tijeras, New Mexico is part of the property at issue in this case. See Notice of Criminal Activity at 1. Williamson contends that the Defendants sold property to Dos Piedras under fraudulent claims of ownership. See Reply at 2,

filed March 10, 2006 (Doc. 25). Williamson asserts that the Defendants did not have proper possession of the property because the IRS seized this property in violation of the Supreme Court of the United States' guidelines for a lawful seizure and consequently sold to Dos Piedras without a court order authorizing the sale. See Notice of Criminal Activity at 3.

Williamson alleges that the Defendants seized and sold the property for her and her husband's non-payment of a "kind of tax 1040." Reply at 2. Williamson argues that the IRS allegedly "sold" only the "right, title and interest" in this property that belonged to her and her husband, John Williamson. Notice of Criminal Activity at 3 n.2. Williamson represents, however, that the property is still on the records of Bernalillo County as the property of Buffalo Grass Property Management Co., a party that the Internal Revenue Service did not name in its seizure of the property. Id. at 3.

Williamson contends that Dos Piedras has not demonstrated what, if any, right, title, or interest in the property was properly conveyed to it. See generally Notice of Criminal Activity. Williamson states that the rightful owner of this property was not notified of the seizure and/or sale, and was not given proper opportunity to be heard and to object to the seizure and sale. See Reply at 3. Williamson alleges that neither this Court, nor apparently any other court, has issued any order authorizing the Defendants to seize and sell the property. See id. at 2. Williamson states that she was never notified that this property was lawfully conveyed to Dos Piedras by court order from a court having proper jurisdiction. See id.

Williamson asserts that the Defendants refuse, fail, and neglect to disclose the statute, public law, or act of Congress creating "kind of tax 1040," or to "exhibit" the regulation implementing "kind of tax 1040." Reply at 2. Willliamson argues that this taxation and seizure is an exaction in the guise of a tax and is a taking in violation of the due process clause. See id.

Williamson represents that she and her husband do not own, have any equity in, or title to the property; their only right in the property is to store personal items in the building as long as they pay the rent. See id. at 3. Williamson represents that she and her husband are renting a building at 1277 Historic Rte. 66E and store personal items in that building that the IRS allegedly did not sell to Dos Piedras. See id. at 3. Williamson states that the building and the personal property contained in it were not listed as being sold to Dos Piedras. See Notice of Criminal Activity at 3.

Williamson states that the property is on a real estate contract and, if the rent is not paid, the buyer may quit paying the payments and then the property will be repossessed by the seller, leaving Dos Piedras with nothing. See Reply at 3. Williamson contends that Dos Piedras, its associates, and others are violating her rights to due process, to property, and to privacy. See Notice of Criminal Activity at 3.

## PROCEDURAL BACKGROUND

The Williamsons have filed a lis pendens on the property sold to Dos Piedras. See Order at 1, filed October 28, 2005 (Doc. 21). Dos Piedras attempted to intervene in this case. See Dos Piedras, L.L.C.'s Motion to Intervene at 3, filed July 14, 2004 (Doc. 2). The Williamsons did not respond to Dos Piedras' motion. See id. On October 28, 2005, the Court denied without prejudice Dos Piedras' motion to intervene. See Order at 2.

Williamson notifies the Court that, on Friday, February 10, 2006, between the hours of 11:53 a.m. and 1:15 p.m., unnamed persons associated with Dos Piedras, a locksmith identifying himself as Steve Smith of All in One Lock Key & Safe of 305 Dinkle Rd., Edgewood, New Mexico 87105, and others removed the locks from the building at 1277 Historic Rte. 66E. See Notice of Criminal Activity at 1. Williamson contends that Dos Piedras has locked the Williamsons out of access to their personal

property.  See id. at 3.

Williamson states that these persons were observed and photographed entering the building. See id. at 1.  One person was observed carrying away an antique coronet trumpet musical instrument, which Williamson alleges is private property not belonging to Dos Piedras.  See id. at 2.  Williamson does not know what other private property has been carried away.  See id.  She also does not know what damage these people have caused.  See id.  Nevertheless, she alleges that Dos Piedras has rummaged in the Williamsons' personal property, and pilfered and carried away property not belonging to them.  See id. at 3-4.

Williamson states that she was never notified and given an opportunity to object to this opening of the building by Dos Piedras.  See id. at 2.  Smith stated that he had a court order to open the building, but was able to produce only IRS papers.  See id.  Williamson argues that Smith did not have a valid order from a court having proper jurisdiction.  See id.

At 1:00 p.m. on February 10, 2006, Williamson checked the electronic case site for this case to verify whether the Court had taken any action that would grant Dos Piedras a right to enter this building.  See id.  The last document entered on January 10, 2006 is a notice by the Defendants of completion of briefing.  See id.

Williamson requests that the Court issue a cease and desist order against Dos Piedras.  See id. at 3.  She contends that, until this matter has been completely litigated and her due process rights served, the Court should issue an order that Dos Piedras cease and desist all activity in and about this building, immediately return and account for all property removed from the building, remove their locks from the building, and pay to have new locks put on the building to secure the contents.  See id. She further requests that the Court order Dos Piedras to pay damages to Williamson for criminal

trespass, breaking, and entering, rummaging and pilfering private property stored in the building, carrying away an old antique coronet trumpet and other unknown items belonging to her and to others. See id. at 3-4. Williamson represents that she attaches to her motion photographs of the locksmith and others entering the building. See id. at 2.

Williamson represents that she timely and properly mailed a copy of the notice and motion to the attorney of record for Dos Piedras. See Reply at 3. Dos Piedras did not make a response to her motion. The Defendants – Jackie Sena, Chris Robinson, Fidel Atencio, Mike Albers, Kenny Wyatt, and Sharon Parker – oppose this motion and move to dismiss it. See Response at 1, filed March 3, 2006 (Doc. 24). Williamson names a Mike Athers as a Defendant, but the Defendants state, on information and belief, the Defendant should be Michael Albers. See id. at 1 n.1.

## LAW REGARDING INJUNCTIONS

To obtain a permanent injunction, the party requesting such relief bears the burden of showing: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Fisher v. Oklahoma Health Care Auth., 335 F.3d 1175, 1180 (10th Cir. 2003)(citations omitted). To obtain a preliminary injunction, a plaintiff must show: "(1) a substantial likelihood of success on the merits, (2) that the plaintiff will suffer irreparable injury if the preliminary injunction is denied, (3) that the threatened injury to the plaintiff outweighs the injury to the defendant(s) caused by the preliminary injunction, and (4) that an injunction is not adverse to the public interest." Aid for Women v. Foulston, No. 04-3310, 2006 U.S. App. LEXIS 2366, at *32 (10th Cir. January 27, 2006)(citation omitted). The right to relief under a preliminary injunction "must be clear and unequivocal." Id. at *32-33 (citation and internal quotations

omitted). "[A] district court cannot enter a judgment purporting to bind nonparties over whom it does not have jurisdiction, seek to join those nonparties to the underlying litigation, and then issue an injunction against those parties based on a need to protect its earlier judgment." Steans v. Combined Ins. Co. of Am., 148 F.3d 1266, 1271 (11th Cir. 1998).

## ANALYSIS

To avoid the obvious problem that she is requesting the Court to enjoin a nonparty to this case, Williamson argues that the Defendants are responsible for this entire action by seizing and selling property they are not "delegated" to seize. Reply at 4. Williamson states that all of the previous court cases against her and her husband have been based on the same "fraud" and on the same "presumption" that a "kind of tax 1040" exists. Reply at 3. Williamson contends that the cases upon which the Defendants rely are judicial nullities because of fraud. See id.

Williamson argues that, without the implementing regulation in evidence before the Court, the Court has no way of knowing if a "kind of tax 1040" applies to her and her husband. Id. She contends that it would be improper for the Court to presume that there is a regulation and to presume that it applies to her. See id. Williamson argues that the Defendants have not been delegated the authority to seize and sell the private property of New Mexico citizens. See id. at 2.

Williamson contends that the Defendants have demonstrated that they are acting outside of their delegated authority and therefore are no longer under the protection of their "office." Id. Williamson argues that the Defendants have violated, and continue to violate, the Williamsons' unalienable rights secured by the First, Fourth, Fifth, Seventh, Ninth, and Tenth Amendments to the United States Constitution. See id. Williamson contends that ownership of this property has not been transferred legally to Dos Piedras. See Notice of Criminal Activity at 2.

Williamson states that a lis pendens is in force and effect on this property until this matter has been fully heard and litigated and more than likely appealed by one side or the other. See id. Williamson argues that the action of which she complains was by people who were duped by the Defendants into paying money for this property, but these purchasers are now damaging her and others. See Reply at 2. Williamson contends that it appears that Dos Piedras is violating the lis pendens, and asks the Court to enter a cease and desist order and award damages against Dos Piedras. See Notice of Criminal Activity at 3. Willliamson argues that it is the Court's responsibility to protect Williamson's personal property and her rights as a user of the property, the rights of the seller of the property, and the rights of the buyers of the property. See Reply at 4.

The Court will deny the motion, for three reasons. First, Dos Piedras is not a party to this case or to these proceedings. See Order at 2. After the Court declined to let Dos Piedras intervene in this case to protect its property, it would be improper for Williamson now to use this case to enjoin Dos Piedras from using this property. See Steans v. Combined Ins. Co. of Am., 148 F.3d at 1271.

Second, to the extent that Williamson seeks injunctive relief against the Defendants, the Court has serious doubts about Williamson's prospects of success on the merits, which is one of the factors for injunctive relief. See Aid for Women v. Foulston, No. 04-3310, 2006 U.S. App. LEXIS 2366, at *32. For the reasons set out in the Court's Memorandum Opinion and Order, filed March 28, 2006 (Doc. 27), disposing of the Defendants' Motion to Dismiss or for Summary Judgment, the Court has dismissed Williamson's case. The Court dismissed all of her claims, except for one, with prejudice, but allowed her to file a new amended complaint clarifying the factual basis of her Fourth Amendment Bivens claim. See Memorandum Opinion and Order at 22. In light of the Court's ruling, Williamson has not demonstrated a substantial likelihood of success on the merits.

Moreover, Williamson has not shown the other elements for injunctive relief. She has not shown that money damages cannot remedy any damages caused by the alleged criminal activity. She has not established that her injury outweighs the injury that the Defendants will suffer if injunctive relief is granted. Her interests do not clearly outweigh the public's interest. In sum, Williamson has not shown that she is entitled to the extraordinary relief she requests.

Finally, Williamson has not demonstrated that she is entitled to any damages. Williamson requests damages for injury that Dos Piedras allegedly caused in entering the property and taking away personal property. See Notice of Criminal Activity at 3-4. Williamson has not, however, quantified her damages in any way by providing a sum certain for her loss. She is not even sure what property has been damaged or lost. See id. at 2. Williamson has not, therefore, established her right to damages.

**IT IS ORDERED** that the Motion for Order to Cease and Desist and for Damages is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Nancy L. Williamson
Tijeras, New Mexico

    *Pro se Plaintiff*

David C. Iglesias
  United States Attorney
Joseph A. Pitzinger, III
  Attorney, Tax Division
Department of Justice
Dallas, Texas

    *Attorneys for the United States*

Julie J. Vargas
Albuquerque, New Mexico

    *Attorney for Dos Piedras*